UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$59,920 UNITED STATES CURRENCY,

        Defendant.
_____/

Case No. 1:23-cv-269

Hon. Hala Y. Jarbou

### REPORT AND RECOMMENDATION

This is a civil action for forfeiture *in rem* brought by the United States of America (the "government"). This matter is now before the Court on the government's "Motion to strike claim and answer for failure to respond to special interrogatories" (ECF No. 8).

**I.**     **Background**

On March 14, 2023, the government filed its Verified Complaint for Forfeiture *in Rem* (ECF No. 1), which sought the forfeiture of "$59,920 in United States currency that was seized on or about September 16, 2022 by the Drug Enforcement Administration (DEA) in Van Buren County, Michigan." Compl. (ECF No. 1, PageID.1).

On April 24, 2023, Mayra Carreno (referred to as "Carreno" or "Claimant"), through counsel, filed a timely claim (ECF No. 5) and answer (ECF No. 6) to the complaint. The claim stated, "I am the 'owner' of the property claimed in the Complaint" and that "[t]he property is not subject to forfeiture for any reason." Claim at PageID.18.

On August 18, 2023, the government filed its motion to strike Carreno's claim for a discovery violation stating:

> To verify the legitimacy of the sole claim, and to determine whether Claimant has standing to contest forfeiture, on July 19, 2023, the United States served its First Set of Special Interrogatories on Claimant through counsel, pursuant to Rule G(6)(a). (R.7: Certificate of Service, PageID.31-32.) Under the Supplemental Rules, answers were due within twenty-one (21) days, or by August 9, 2023. (*Id.*) The United States agreed to Claimant's counsel's request for a 7-day extension to August 16, 2023.
>
> The time to answer the interrogatories has expired, Claimant has failed to provide any responses, and therefore lacks statutory standing to contest forfeiture.

Government's Motion (ECF No. 8, PageID.34).

In her response, Claimant states that the government waited three months after she filed the claim and answer to serve her counsel with its first set of special interrogatories. *See* Response (ECF No. 10, PageID.39-40); Proof of Service (ECF No. 7) (July 19, 2023). The government agreed to counsel's request for a seven-day extension of time until August 16, 2023. *Id*. at PageID.40. Counsel provided the following explanation for missing the extended deadline:

> Claimant's attorney could not complete the answers by August 16, 2023. Counsel assumed that the parties were working cooperatively to get answers filed. Counsel was wrong because, two (2) days later, the government, without warning or notice, filed this motion. Claimant has answered the Special Interrogatories.

*Id*.

### II. Discussion

"The rules governing civil in rem forfeiture actions are found in 18 U.S.C. § 983 and Rule G of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions (the 'Supplemental Rules')." *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 347 (6th Cir. 2017). "[The Sixth Circuit] has repeatedly held that potential claimants must strictly comply with Rule G in order to have statutory standing to challenge a forfeiture action." *United States v. One 2011 Porsche Panamera*, 684 Fed.

Appx. 501, 506 (6th Cir. 2017). *See also*, *United States v. $12,126.00 in U.S. Currency*, 337 Fed. Appx. 818, 820 (11th Cir. 2009) ("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action.").

"Once a party has filed a claim, Rule G(6) gives the government authority to "serve special interrogatories . . . at any time after the claim is filed and before discovery is closed." *$31,000.00 in U.S. Currency*, 872 F.3d at 348 (citing Rule G(6)(a)). The special interrogatories are limited to the claimant's identity and relationship to the defendant property. *Id*. "The purpose of the rule is 'to permit the government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimant's standing.' " *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012).

Rule G(8)(c) ("Motion to Strike a Claim or Answer") provides that:

> (i) At any time before the trial, the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing.

The rules further provide that a motion to strike:

> (A) must be decided before any motion by the claimant to dismiss the action; and
> (B) may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence.

Rule G(5)(c)(ii).

Under the circumstances of this case, the Court concludes that the government's motion to strike should be denied. This is not a case in which a *pro se* claimant filed a claim which appeared frivolous on its face or ignored the forfeiture procedure. The government was aware that the claimant was represented by counsel and that counsel was working on a response to the interrogatories. The government did not require strict compliance with Rule G, having agreed to

3

an extension of time for the claimant to respond to the special interrogatories. After opening the door to working collaboratively with Claimant's counsel on this matter and modifying the interrogatory deadlines, the government immediately shut the door when counsel did not respond within the seven-day window and filed a motion for the ultimate sanction of striking the claim. Under these circumstances, the undersigned finds dismissal of the claim to be a draconian sanction. As one court observed,

> The Advisory Committee's Note to the 2006 adoption of Rule G provides that "the special role that subdivision (6) plays in the scheme for determining claim standing may justify a somewhat more demanding approach to discovery sanctions than [Fed. R. Civ. P.] 37." A "somewhat more demanding approach" however, does not require zero tolerance for error or overreach. That same Advisory Committee's Note cautions that "[n]ot every failure to respond to subdivision (6) interrogatories warrants an order striking the claim." *Cf. United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar Cal., Trinity Cty.*, 787 F.3d 968, 977 (9th Cir. 2015) (holding that "where a claimant's Article III and statutory standing are not reasonably in dispute, his failure to respond to Rule G(6) special interrogatories does not, in itself, warrant striking his claim"); *United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 564 (8th Cir. 2014) (reversing dismissal of claim for failure to respond to Rule G(6) interrogatories on ground that claimant had established standing, rendering interrogatories unnecessary).

*United States v. $77,090.00 United States Currency Tompkins*, No. 3:14-CV-01290, 2017 WL 413799 at *7 (M.D. Tenn. Jan. 31, 2017).

As discussed, Claimant stated in her response that she submitted the special interrogatory responses. While the record does not include the responses, the government has the information, can review it, and will have an opportunity to file another motion to strike based on the information contained in the responses. For all of these reasons, the government's motion to strike the claim should be denied without prejudice.

### III.  Recommendation

Accordingly, I respectfully recommend that the government's motion to strike the claim (ECF No. 8) be **DENIED without prejudice**.

Date: January 25, 2024                    /s/ Ray Kent
                                          Ray Kent
                                          U.S. Magistrate Judge

 ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).